**In re Richard Kenneth WENRICH, Debtor.**

**Bankruptcy No. 7–83–00985 R R. Motion-Letter No. L–59.**

United States Bankruptcy Court, D. New Mexico.

April 19, 1984.

W.H. Greig, Clovis, N.M., for debtor.

A. Joe Parker, Clovis, N.M., for creditor.

## MEMORANDUM OPINION

STEWART ROSE, Bankruptcy Judge.

This matter comes before the Court upon the stipulation of the parties as to the facts. The issue to be decided is whether a non-purchase money security interest held by Sunwest Bank in furniture owned by the Debtor, but kept in storage, may be avoided under 11 U.S.C. § 522(f)(2).

In 1982, the Debtor obtained two loans from the Clovis National Bank, n/k/a Sunwest Bank, granting the bank non-purchase money security interests in his car and his household furniture.[1] Later that year, the Debtor, who serves in the United States Air Force, was divorced from his wife, and, moved into a dormitory on Cannon Air Force Base. As the dormitory was furnished, he placed his household goods in storage in Clovis, New Mexico. Although the Debtor has "homesteaded" at Cannon, he· represents that he expects a transfer within approximately six months, at which time he will again put the furniture in to use.

The Debtor filed a Chapter 7 petition in August 1983, exempting the furniture under § 522(d)(3). There was no objection to the claim of exemption. He now seeks to avoid the Bank's lien under § 522(f)(2), as impairing his exemption.

The Bank takes the position that because the furniture is ·in storage, it is not, as § 522(f)(2)(A) requires, "... held primarily for personal, family or household use of the debtor ..." The Debtor argues that "held" has no connotation of time, therefore there is no requirement the furniture be in daily use. It is not disputed that the furniture, when in use, is used in the Debtor's household.

The language of § 522(f)(2)(A) is the same (with the addition of jewelry) as that is § 522(d)(3). Section 522(d) lists that property which may be exempted. Within § 522, sub-section (d)(1) allows the exemption of property *used* as a residence. Sub-sections (d)(3) and (d)(4) allow the exemption of certain items of property *held* by the debtor (emphasis added). Thus it appears Congress intended to distinguish between using property and holding property. "Holding" or "held" is defined neither in the Code nor the legislative history. Since Congress did not provide a specific definition, it must be assumed that a general definition was intended. Turning to Black's Law Dictionary (5th ed. 1979), one is directed to "hold", wherein the applicable definitions are: "1. To possess in virtue of a lawful title, common in grants, 'to have and to hold' or in that applied to notes, 'the owner and holder' ... 9. To keep; to retain; to maintain possession of or authority over." *Id.* at 657–658.

The Debtor has retained title to the furniture, subject to the lien, and maintains possession of the furniture, albeit in storage. Therefore, the Debtor holds the property. This, coupled with the strong Congressional policy favoring the avoidance of non-purchase money security interests in household furniture, H.Rep. No. 595, 95th Cong., 1st Sess. 126–127 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787, requires this Court to permit the Debtor to avoid the lien of Sunwest Bank on his household furniture. Counsel for the Debtor shall submit an appropriate form of Order to this Court within ten days.

---

1. The financing statement describes the collateral as:
    Living Room Furniture: Schweiger Sofa 89″ long
    2 Kay Lounges Chairs

Coffee Table and 3 End Tables
Sofa Table
De Sota Dining Room Furniture
Table and 4 Chairs and China Cabinet